# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EVERETT PELLUM,<br><br>    Plaintiff,<br><br>v.<br><br>FRESNO COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>    Defendants. | 1:09-cv-00494-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1) |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

II. <u>Screening the Complaint</u>

    A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss

1

the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

2

(1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would

be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

B. Plaintiff's Complaint

Plaintiff complains that for over a year, Children's Protective Services poorly represented the parental rights of unnamed parents, refused to adhere to a judge's request for mental health treatment during court proceedings, and failed to

4

refer a client to sober living treatment when an unnamed client did meet qualifications therefor. Plaintiff also seeks to hold liable a foster family, and Plaintiff complains of a questionable incident in which an unidentified child was injured in the care of a foster family, causing bruising. (Cmplt. p. 2.)

### C. Civil Rights Claims

The Civil Rights Act under which this action appears to have been filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

5

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's allegations are very general, but it appears he seeks to hold liable agents or employees of a child protective services agency, including an agency crisis management supervisor as well as a number of named employees who are not expressly linked to any specific conduct.

### 1. Uncertainty because of an Absence of Linkage

Plaintiff's failure to link any specific Defendant with specific conduct renders Plaintiff's complaint uncertain.

### 2. Quasi-Judicial Immunity

Another fundamental defect is that it appears that at least some of the Defendants whom Plaintiff seeks to sue are immune from suit.

It is established that child services workers with responsibility for initiating dependency proceedings are social workers who are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings. Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1157 (9th Cir. 1987). Further, counselors of a family conciliation court whose duties were to mediate custody and visitation disputes, investigate matters pertaining to such disputes, and provide reports to the courts were held entitled to quasi-judicial immunity for their actions within the scope of their duties concerning a pending case to which they were assigned because they were performing a judicial function at the direction of a court. Id. at 1159. Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, (9th Cir. 2001); see also

Doe v. Lebbos, 348 F.3d 820, 825-26 (9th Cir. 2003); Beltran v. Santa Clara County, 491 F.3d 1097, 1100-03 (9th Cir. 2007); Santos v. County of Los Angeles Department of Children and Family Services, 299 F.Supp.2d 1070, 1079 (C.D.Cal. 2004) (holding that social workers were entitled to absolute quasi-judicial immunity from a suit by a child's aunt for the social workers' role in initiating and pursuing the adoption of a child by the child's grandparents because the functions were critical to the judicial process itself such as initiation and pursuit of dependency proceedings).

Here, some of the functions complained of include representation of parental rights, which appears to constitute a function of advocacy or investigation and pursuit of dependency, and thus would be subject to absolute immunity. Miller v. Gammie, 335 F.3d 889, 896-97 (9th Cir. 2003). Plaintiff's claims in this regard are subject to dismissal.

Further, it is not clear, but it is possible that any conduct concerning mental health treatment or reference to sober living treatment was integrally related to the judicial function and involved the type of judgment for which there is quasi-judicial immunity. However, given the generality of Plaintiff's complaints and the lack of detail as to the identity of actors, their specific conduct, and the factual context, it cannot be determined.

### 3. Federally Protected Right

It is established that in order for a plaintiff who proceeds pursuant to § 1983 to prove that he was deprived of a right within the coverage of the statute, it must be shown that the

injury suffered infringed a right guaranteed by federal law or the federal Constitution. Baker v. McCollan, 443 U.S. 137, 142 (1979); Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

The other conduct referred to by Plaintiff was the refusal of the agency to adhere to a judge's request during court proceedings with respect to mental health treatment, and an unspecified agency crisis management supervisor's refusal to refer an unnamed client to sober living treatment. No facts are alleged that would warrant an inference that either type of treatment is protected by the Constitution or federal law.

Likewise, it does not appear that a child's being scratched or bruised in the care of a foster family, without more factual context, bears upon a right protected by federal, as distinct from state, law.[1]

### 4. Respondent Superior Liability

Plaintiff refers to a supervisor, and Plaintiff also purports to sue Fresno County's Children's Protective Services.

It is established that in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. Bell v. Clackamas County, 341 F.3d 858, 867 (9th Cir. 2003). However, a supervisor may be held liable for the constitutional violations of subordinates if the supervisor participated in, or directed,

---

[1] The Court at this juncture is screening the complaint for the presence of a federal claim or a basis for jurisdiction in this Court; the court does not address any state claims that would be subject to supplemental jurisdiction should a federal claim be stated.

8

the violations, or knew of the violations and failed to act to prevent them. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).

Here, there are no specific factual allegations concerning any conduct or knowledge of a supervisor with respect to any specific date, time, or place. Plaintiff has failed to state a basis for liability on the part of any supervisor.

Further, although a county or division thereof might be a person to whom § 1983 applies, local governmental units may not be held responsible financially for the acts of their employees under a respondeat superior theory of liability. A county may be financially liable for its own actions in the nature of policy or customs where an official policy or custom results in a deprivation of federally protected rights. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989); Bd. of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). However, the requirement of a policy or custom does not apply to suits for prospective declaratory or injunctive relief. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993); Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989).

Here, Plaintiff does not state any facts upon which liability of the county or its division may be based. Further, Plaintiff has not specified the relief he seeks, so the legal effect of this defect on Plaintiff's claim or claims cannot be fully assessed.

D. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction; this Court has a duty to determine its own subject matter

jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A federal court is under a continuing duty to dismiss an action where it appears that the court lacks jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Plaintiff complains of an injury to an unidentified child who was in the care of a foster family. In addition to the lack of identity of the parties or specification of the conduct in question, these allegations appear to constitute conduct subject to being redressed pursuant to state law. Plaintiff does not identify any federal statute under which the claim arose, the federal right in question, or otherwise state facts that would indicate that the Court has jurisdiction because the action arises "under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, whose California address is stated on his complaint, does not include any allegations regarding the citizenship of Defendant or of Plaintiff or other facts that could result in jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Accordingly, in this respect Plaintiff's complaint does not contain a short and plain statement of the grounds upon which jurisdiction depends.

### E. Younger Abstention from Exercise of Jurisdiction

It is not clear whether or not dependency proceedings remain pending in the state court. However, due to recency of actions occurring in that proceeding that are described in the complaint, it is possible and even likely that the proceeding was ongoing at the time the action was filed here and/or now continues to be maintained in the state courts.

The Younger abstention doctrine is a common law equitable doctrine articulated in Younger v. Harris, 401 U.S. 37, 49-53 (1971), holding that absent extraordinary circumstances, federal courts will and generally should refrain from interfering with a pending state court proceeding. Poulos v. Caesars World, Inc., 379 F.3d 654, 669 n.4 (9th Cir. 2004). Younger abstention is required if 1) state proceedings are ongoing, 2) the proceedings implicate important state interests, and 3) the state proceedings provide an adequate opportunity to raise federal questions. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994). Under such circumstances, the correct remedy is to dismiss the action. Wiener, 23 F.3d at 266. It has been held that issues of child custody and family relations are important state interests;

federal courts have no general jurisdiction in the field of domestic relations, and the state courts have a special expertise and experience. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

If the state court proceeding is ongoing, then the Court finds that abstention would be appropriate, and it will ultimately recommend that the Court abstain from exercising jurisdiction over the portion of Plaintiff's action relating to any ongoing state proceedings.

III. Amendment of the Complaint

In summary, Plaintiff has failed to state a claim against any defendant upon which relief may be granted, and Plaintiff has failed to state facts demonstrating subject matter jurisdiction in this Court. Further, it is possible that state proceedings are ongoing and that in any event, the Court would abstain from exercising its jurisdiction with respect to the portions of any claims stated here that involve ongoing state proceedings. The Court finds it necessary to dismiss the complaint in its entirety.

However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IV. Disposition

Accordingly, it IS ORDERED that:

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) Plaintiff's complaint IS DISMISSED with leave to amend; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; and

4) Plaintiff IS INFORMED that the failure to file an amended complaint in accordance with this order will be considered to be

a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action. Further, failure to file an amended complaint that states a claim upon which relief may be granted will be considered to be grounds for dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2) and will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   April 10, 2009**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE