UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON EVERETT PELLUM, | ) | 1:09-cv-00494-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THIS ACTION FOR |
| | ) | PLAINTIFF'S FAILURE TO COMPLY |
| v. | ) | WITH AN ORDER OF THE COURT, TO |
| | ) | FILE AN AMENDED COMPLAINT, AND TO |
| FRESNO COUNTY CHILD PROTECTIVE | ) | STATE A CLAIM UPON WHICH RELIEF |
| SERVICES, et al., | ) | MAY BE GRANTED (DOCS. 3, 4) |
| | ) | |
| Defendants. | ) | DIRECTIONS TO THE CLERK REGARDING |
| | ) | SERVICE OF THIS ORDER |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On April 13, 2009, the Court granted Plaintiff's application to proceed in forma pauperis and screened Plaintiff's original complaint, filed on March 17, 2009. The Court granted Plaintiff leave to file a first amended complaint within thirty days of the date of service of the order. The order was served by mail on Plaintiff at the address listed on the docket, namely, 241 W. Whitesbridge, Fresno, California 93706.

On May 22, 2009, after thirty days had passed since service of the order without Plaintiff's having filed a first amended complaint or sought an extension of time within which to do so, the Court issued an order directing Plaintiff to show cause within twenty days in writing why the case should not be dismissed for failure to file a first amended complaint and follow the Court's order. The order was served on Plaintiff at both addresses given by Plaintiff to the Court. Over twenty days have passed since service of the order to show cause, but Plaintiff has not filed any response to the order or an amended complaint.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since March 2009.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Here, despite having been informed of the defects of his complaint and having been given an opportunity to file an amended complaint, Plaintiff has defaulted with respect to filing an amended pleading, and Plaintiff has offered no excuse or justification for his default. The Court has no basis for

3

inferring that the delay was necessary or reasonable. Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The Court concludes that the delay in the present case is unreasonable, and thus this factor weighs in favor of dismissal.

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, with respect to less drastic alternatives, the Court notes that Plaintiff is proceeding in forma pauperis; monetary sanctions do not appear to be a viable alternative. Plaintiff will have an opportunity to set forth any grounds for his failure to comply in any objections filed in response to these findings and recommendations. However, in the absence of any compliance with or response to the Court's orders, it is reasonable to conclude that sanctions less than dismissal would not be effective.

Further, a court's warning to a party that his failure to obey the court's order will result in dismissal has been held to satisfy the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. Both the Court's order requiring Plaintiff to file an amended complaint and the order to show cause expressly stated that failure to file an amended complaint could result in dismissal of the action. Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

4

Title 28 U.S.C. § 1915(e)(2) provides that notwithstanding any filing fee, or any portion thereof that may have been paid, the Court shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In this action, the Court has determined that the complaint failed to state a claim, and despite direction by the Court, Plaintiff has failed to file an amended complaint to cure this defect. The failure to state a claim thus continues. Therefore, the Court concludes that dismissal is appropriate.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted, and pursuant to Local Rule 11-110 for Plaintiff's failure to comply with the Court's order directing Plaintiff to file an amended complaint.

Further, the Clerk of the Court IS DIRECTED to serve this order not only on the address listed on the docket, namely, 241 W. Whitesbridge, Fresno, CA 93706, but also on a second address that was listed on the civil cover sheet, namely, 241 E. Lemon, Apt. B, Fresno, CA 93706.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Any reply to
the objections shall be served and filed within ten days after
service of the objections. The parties are advised that failure
to file objections within the specified time may waive the right
to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    June 22, 2009    **                _____/s/ Sandra M. Snyder_____
                                UNITED STATES MAGISTRATE JUDGE